Filed 11/15/22 P. v. Sevchuk CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C094322 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F09184) |
| v. | |
| GENADIY SEVCHUK, | |
| Defendant and Appellant. | |

In March 2007, a jury acquitted defendant Genadiy Sevchuk of first degree premeditated murder but found him guilty of second degree murder. In 2019, defendant filed a petition for resentencing under Penal Code[1] section 1170.95 (now section 1172.6)[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) For purposes of clarity and conformity with the petition, we will refer to the statute as section 1170.95 throughout the opinion.

alleging he could not be convicted of second degree murder based on changes to the Penal Code. The trial court issued an order to show cause, held an evidentiary hearing, and then denied defendant's petition for relief finding beyond a reasonable doubt defendant guilty of aiding and abetting implied malice murder. On appeal, defendant contends the trial court's finding is collaterally estopped because it is inconsistent with the already litigated first degree murder charge of which he was acquitted.

We conclude the findings are not inconsistent because the first degree premeditated murder charge required the jury to find defendant had the intent to kill the victim, whereas an intent to kill is not necessary for aiding and abetting implied malice murder. Thus, we affirm.

BACKGROUND

*A. Original Proceedings*

Defendant accompanied his friend Maksim Yuryevech Isayev to confront Dmitriy Paskar, who allegedly raped Isayev's ex-girlfriend; Isayev ended up shooting and killing Paskar. (*People v. Isayev et al.* (July 19, 2011, C055417) [nonpub. opn.].)[3]

In March 2007, a jury found defendant guilty of second degree murder, acquitting him of first degree murder, and found true defendant was a principal and a principal who was armed with a firearm. (§ 12022, subd. (a)(1).) The jury for defendant's trial was provided several instructions on murder, including CALCRIM No. 520, which explains murder required malice aforethought, which could be express or implied malice. For implied malice, it stated the jury could find defendant guilty of murder if (1) he "intentionally committed an act"; (2) "[t]he natural consequences of the act were

---

[3] We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1170.95, subd. (d)(3).)

2

dangerous to human life"; (3) "[a]t the time he acted, he knew his act was dangerous to human life"; and (4) "[h]e deliberately acted with conscious disregard for human life."

The jury was also given a first degree murder instruction under CALCRIM No. 521 that included two theories: (1) willful, deliberate, and premeditated, and (2) lying in wait. This instruction also stated that "[a]ll other murders are of the second degree." Other instructions included aiding and abetting generally under CALCRIM Nos. 400 and 401, and natural and probable consequences murder under CALCRIM No. 403, with assault, battery, or assault with a firearm being the target offenses.

The trial court sentenced defendant to an indeterminate term of 15 years to life for second degree murder and a determinate term of one year for the firearm enhancement. Defendant appealed his conviction and we affirmed. (*People v. Isayev et al.*, *supra*, C055417.)

*B. Current Proceedings*

On January 17, 2019, defendant filed a petition for resentencing under section 1170.95. The form petition alleged he was convicted of murder under the felony-murder rule or natural and probable consequences doctrine, and he could not now be convicted of murder because of the changes made to sections 188 and 189. On February 4, 2020, the trial court issued an order to show cause.

On May 6 and 20, 2021, the trial court held an evidentiary hearing on defendant's petition. At the hearing, defendant testified regarding his involvement in the killing and denied knowing Isayev was a violent person, denied knowing Isayev wanted to kill Paskar, and said he was very intoxicated the night Isayev killed Paskar. He also testified to buying ammunition for Isayev's gun and loading it, but said it was to go to a shooting range before he knew about the rape.

On June 11, 2021, the trial court issued its final order denying defendant's petition for resentencing. The court noted defendant's jury acquitted him of first degree murder, so the "only issue, at this time, is whether the prosecution has proved beyond a

3

reasonable doubt that a jury now could convict [defendant] of second degree murder based on direct aiding and abetting an implied malice murder." The court then found the evidence showed defendant bought ammunition for the gun, was aware of Isayev's temper and past violence under similar circumstances, and accompanied Isayev to the site of the shooting. Based on these and other facts, the court found "it is beyond a reasonable doubt that each element of direct aiding and abetting an implied malice murder has been shown."

## DISCUSSION

Defendant argues the trial court's findings were precluded by the doctrine of collateral estoppel because the issue of premeditated murder through aiding and abetting was litigated at trial and rejected by the jury when it acquitted him of first degree murder. Specifically, he "seeks to preclude the trial court's finding that he directly aided and abetted the shooting of the victim with conscious disregard for the risk to human life because it inescapably rested on an implicit finding that he committed premeditated intentional murder by aiding and abetting the shooting." We granted defendant's request to file a supplemental brief discussing the recent appellate decision *People v. Cooper* (2022) 77 Cal.App.5th 393 (*Cooper*), which defendant contends supports his argument for relief.

In 2019, sections 188 and 189 were modified " 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959; Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1170.95 permits persons "convicted of felony murder or murder under the natural and probable consequences doctrine" to petition for resentencing if the person "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1,

4

2019." (§ 1170.95, subd. (a)(1)-(3).) Under this section, if a prima facie case for relief is made, the court must issue an order to show cause and hold an evidentiary hearing where the prosecutor must then establish, beyond a reasonable doubt, the defendant is guilty of murder under amended sections 188 or 189. (§ 1170.95, subd. (d)(1)-(3).) In analyzing a trial court's denial of a section 1170.95 petition "after an evidentiary hearing, ' " 'we review the factual findings for substantial evidence and the application of those facts to the statute de novo.' " ' " (*Cooper*, *supra*, 77 Cal.App.5th at p. 412.)

Defendant's argument on appeal raises a narrow legal issue: Is the trial court's finding of aiding and abetting implied malice murder precluded by the jury acquitting him of first degree murder? We conclude that it is not.

" 'Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Citation.] Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' " (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511.)

In *Cooper*, the jury in the defendant's trial found him guilty of first degree murder but acquitted him of firearm possession. (*Cooper*, *supra*, 77 Cal.App.5th at p. 399.) The defendant filed a section 1170.95 petition and after an evidentiary hearing, the trial court determined he was ineligible for relief in part because there was evidence the defendant had fired the gun. (*Cooper*, at pp. 408-409.) The appellate court reversed, concluding the trial court's gun finding "effectively turned [the defendant's] acquittal 'into [its] opposite[].' " (*Id*. at p. 417.)

5

The *Cooper* court, however, did not base its finding on collateral estoppel. The court there found "it is not clear whether collateral estoppel principles apply in section 1170.95 proceedings" because " 'double jeopardy principles are not at stake' in a section 1170.95 proceeding." (*Cooper*, *supra*, 77 Cal.App.5th at pp. 412-413.) Instead, the court applied law from "the analogous context of petitions for resentencing under the Three Strikes Reform Act of 2012." (*Id*. at p. 413.)

We need not fully analyze the *Cooper* approach and determine whether it or collateral estoppel is applicable because defendant's claim fails under either analysis. In both collateral estoppel and the analysis applied in *Cooper*, the trial court's finding must be at least inconsistent with the jury's finding to reverse the trial court's denial of relief. Under *Cooper*, the "trial court may not make an eligibility determination contrary to the jury's verdict and findings." (*Cooper*, *supra*, 77 Cal.App.5th at p. 415.) Defendant frames this in collateral estoppel terms, stating what the jury and trial court found are "identical because it is inconceivable that the jury could have concluded beyond a reasonable doubt that appellant directly aided and abetted a planned-in-advance shooting with a shotgun, as found by the trial court in denying his petition, without also finding intent to kill and premeditation." In other words, defendant contends the jury necessarily decided he "did not intend for the perpetrator to shoot the victim" in finding the prosecutor failed to prove, beyond a reasonable doubt, an intent to kill with premeditation. This is plainly incorrect.

The issues are not identical, and therefore inconsistent, because one requires the intent to kill but the other does not. First degree willful, deliberate, and premeditated murder requires a finding the defendant had the specific intent to kill. (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 201 ["For a killing with malice aforethought to be first rather than second degree murder, the intent to kill must be formed upon a preexisting reflection and have been the subject of actual deliberation or forethought"].) The jury instructions in defendant's trial made this clear stating, "[t]he defendant acted

6

*willfully* if he intended to kill." (See CALCRIM No. 521.) Consequently, an aider and abettor of premeditated murder also must possess an intent to kill. (See *People v. McCoy* (2001) 25 Cal.4th 1111, 1118 [" 'When the offense charged is a specific intent crime, the accomplice must "share the specific intent of the perpetrator" ' "].)

Conversely, "[i]mplied malice does not require an intent to kill." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) This is also true for the intent to aid and abet implied malice murder. In these circumstances, "[t]he mens rea, which must be personally harbored by the direct aider and abettor, is knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life." (*People v. Powell* (2021) 63 Cal.App.5th 689, 713, fn. omitted.) This is not an intent to kill. (*Id.* at p. 711 ["there is no authority for the proposition that an aider and abettor of second degree implied malice murder must intend to kill"].)[4]

Here the "act" the trial court found defendant intended to aid Isayev in was "a shooting of the victim," which defendant "aided and abetted with conscious disregard for human life . . . not caring whether the gun might -- and actually did -- kill the victim, which is direct aiding and abetting an implied malice murder." This is not inconsistent with the jury's acquittal because neither finding relied on an intent to kill. The jury could have found, as the trial court did, that defendant intended only to aid in shooting Paskar without killing him but that this still exhibited implied malice. To the extent defendant is also arguing an intent to aid a shooting is the same as the intent to kill, this cannot be

---

[4] This is also different than imputed malice through felony murder, no longer a valid basis for murder under sections 188 and 189. (See *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 590, review granted July 27, 2022, S274792 ["for second degree murder based on implied malice, there is no imputation of malice because . . . the direct aider and abettor must have the same mental state as the actual perpetrator of the charged crime"].)

so—one could intend to shoot a victim to scare them or harm them nonfatally without the intent to kill. (Cf. *People v. Patterson* (1989) 209 Cal.App.3d 610, 615 ["Although we can infer from this evidence the perpetrator of the shooting had the *intent to shoot* [the victim], 'there was no further evidence of a specific *intent to kill*' "]; *People v. Ratliff* (1986) 41 Cal.3d 675, 696 ["defendant's true intent may have been simply to disable his victims to prevent them from following him or calling the police"].) Consequently, neither collateral estoppel nor the law articulated in *Cooper* would preclude the trial court's finding defendant is ineligible for relief.

## DISPOSITION

The judgment (order) is affirmed.

/s/

BOULWARE EURIE, J.

We concur:

/s/

MAURO, Acting P. J.

/s/

KRAUSE, J.